## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

v.

DAVID J. LOUGEE (05),

          Defendant.

Case No. 14-20068-05-DDC

## MEMORANDUM AND ORDER

Defendant David J. Lougee has filed a pro se[1] Motion for Compassionate Release (Doc. 536). Mr. Lougee asserts that the COVID-19 pandemic presents an extraordinary and compelling reason for his release because of his health and the living conditions in prison. The court denies Mr. Lougee's motion. The court explains this decision, below.

### I.      Background

On July 17, 2015, Mr. Lougee entered a guilty plea to Counts 1 and 18 of a Third Superseding Indictment (Doc. 98), charging one count of conspiracy to possess within intent to distribute, and to distribute 50 grams or more of methamphetamine, violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and one count of possession of a firearm in furtherance of a drug trafficking offense, violating 18 U.S.C. § 924(c). Doc. 150; Doc. 151. On April 24, 2018, United States District Judge Carlos Murguia sentenced Mr. Lougee to 200 months' imprisonment. Doc. 395. His projected release date is December 28, 2028. *See* David J. Lougee (Reg. No. 24670-031) (last visited June 3, 2022), https://www.bop.gov/inmateloc/.

---

[1]      People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Lougee filed this Motion for Compassionate Release on February 14, 2022.  Doc. 536.  And the government responded on March 14, 2022.  Doc. 551.

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions.  One such exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted).  This exception permits the court to modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days[2] from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements). Recently, our Circuit held that this exhaustion requirement is a claim-processing rule that the government may waive or forfeit.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).  The Tenth Circuit has held that it does not view the first step in § 3582(c)(1)(A)— "extraordinary and compelling" reasons—as jurisdictional.  *See id.* at 942 n.7 (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

Aside from this exhaustion requirement, the court applies a three-step analysis to motions filed under § 3582(c)(1)(A).  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

---

[2]      Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief."  *See Maumau*, 993 F.3d at 830 (emphasis added).

The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable."  *Id.*  Relief may "be granted only if all three prerequisites are satisfied," and, so, "the three steps [can] be considered in any order."  *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).

The court need not reach the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one.  *Maumau*, 993 F.3d at 837.  So, "until the Sentencing Commission issues such a policy statement, the second requirement does not apply."  *United States v. Quinn*, No. 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

## III.    Analysis

First, the court considers whether Mr. Lougee has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).  Mr. Lougee filed his request for compassionate release with the warden at Texarkana Federal Correctional Institution on December 22, 2021.  Doc. 536-4 at 2.  And more than 30 days passed without a response from the warden.  He signed and mailed this Motion for Compassionate Release on February 8, 2022, Doc. 536 at 12, Doc. 536-7 at 6, and the Clerk of the Court docketed his motion on February 14, 2022.  Thus, Mr. Lougee properly has exhausted his administrative remedies.  The court thus turns to the merits of his motion.

A.      **Extraordinary and Compelling Reasons**

Mr. Lougee argues that the COVID-19 pandemic presents an extraordinary and compelling reasons for his release.[3]  He asserts that he has unresolved "cardio pulmonary issues" and his "condition is worsening."  Doc. 536 at 9.  Because of his medical conditions, Mr. Lougee argues he "clearly and unequivocally falls within the CDC Guidelines which indicate that those suffering from respiratory and cardiovascular conditions are at a significantly increased risk for serious illness or death as a result of COVID-19."  *Id.*  Mr. Lougee also asserts that the conditions at FCI Texarkana are "horrendous."[4]  *Id.*

Our Circuit recently held (albeit in an unpublished opinion) that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'"  *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the

---

[3]      Mr. Lougee also argues that his exposure to COVID 19 in unsafe conditions is "cruel and unusual punishment," violating his Eighth Amendment rights.  Doc. 536 at 10–12.  But a motion for compassionate release is not the proper vehicle for such constitutional claims.  *See United States v. Quijada-Castillo*, No. 3:19-CR-20-CRS, 2021 WL 1930710, at *4 (W.D. Ky. May 13, 2021) ("Redress for perceived cruel and unusual punishment is not properly sought under the First Step Act's compassionate release provision, as the statute does not contemplate a reduction in sentence or release to compensate for past government actions."); *United States v. Pooler*, No. 3:18-cr-00137, 2020 WL 7046964, at *7 (S.D. Ohio Dec. 1, 2020) ("[T]o the extent that [petitioner] is arguing that his Motion should be granted due to the Eighth Amendment's prohibition on the infliction of cruel and unusual punishments . . . , a compassionate release motion likewise is not the appropriate mechanism or vehicle to raise such a claim of alleged constitutional violations."); *United States v. Pelletier*, No. 3:16-cr-00147-8, 2020 WL 6135052, at *2 (M.D. Tenn. Oct. 19, 2020) ("Compassionate release is not the proper vehicle to raise [petitioner's] constitutional claims [for cruel and unusual punishment], which are best addressed under 28 U.S.C. § 2255 or 42 U.S.C. § 1983.").

[4]      The Bureau of Prisons reports that Mr. Lougee currently is incarcerated at USP Leavenworth, not FCI Texarkana.  *See* David J. Lougee (Reg. No. 24670-031) (last visited June 3, 2022), https://www.bop.gov/inmateloc/.

availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an

'extraordinary and compelling' reason for immediate release").  And it appears that several

district courts in our Circuit—including our court—have adhered to this recent direction from the

Circuit.  Following *McRae*, these courts have concluded that, when a defendant has had access to

the COVID-19 vaccine, incarceration during the pandemic doesn't suffice, on its own, as an

extraordinary and compelling reason for a sentence reduction.  *See United States v. Smith*, No.

2:13-cr-00776, 2022 WL 1422197, at *6 (D. Utah May 5, 2022); *United States v. Garcia-Patino*,

No. 17-20038-18-DDC, 2022 WL 1223642, at *2 (D. Kan. Apr. 26, 2022); *United States v.

Logan*, No. 07-20090-01-KHV, 2022 WL 1102654, at *3 (D. Kan. Apr. 13, 2022); *United States

v. Oaks*, No. 18-CR-00470-PAB-11, 2022 WL 1081148, at *2 (D. Colo. Apr. 11, 2022); *United

States v. Duran*, No. 1:15-CR-27 TS, 2022 WL 844433, at *1 n.3 (D. Utah Mar. 22, 2022).

Here, Mr. Lougee's medical records show that he has received the COVID-19 vaccine.

Doc. 551 at 10.  He thus fails to present an extraordinary and compelling reason for

compassionate release based on COVID-19.

**B.**     **§ 3353(a) factors**

Even if Mr. Lougee had presented an extraordinary and compelling reason for

compassionate release, his motion fails for a separate, and independent reason:  the § 3553(a)

factors do not favor his release.  The court must consider the sentencing factors set forth in 18

U.S.C. § 3553(a).  Those factors include:  (1) defendant's personal history and characteristics;

(2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence

to provide just punishment, promote respect for the law, reflect the seriousness of the offense,

deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable

guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a).

Mr. Lougee asserts that he "fully recognizes the severity of the crimes for which he was convicted." Doc. 536 at 10. And, he asserts, he "has proved himself a model inmate and has committed himself to better himself and aiding other inmates." *Id.* Mr. Lougee's efforts to rehabilitate himself are admirable.

But the § 3553(a) factors do not favor his release. Mr. Lougee committed two serious felony offenses. The Presentence Report attributed 2.07 kilograms of methamphetamine to Mr. Lougee. Doc. 278 at 12. And his second conviction involved illegally possessing several firearms to further his drug trafficking efforts. *Id.* at 11. Reducing his sentence by more than six years would not reflect the seriousness of his offense, nor would it promote respect for our laws. Mr. Lougee's motion also fails to provide a release plan, and this weighs against his release. *See United States v. Allison*, No. CR16-5207RBL, 2020 WL 3077150, at *4 (W.D. Wash. June 10, 2020) ("Shortening a defendant's sentence where there is no adequate release plan offers no benefit to the health of the inmate and in the process likely further endangers the community into which the defendant is release[d].")). In sum, the § 3553(a) factors do not support Mr. Lougee's early release.

## IV.    Conclusion

The court denies Mr. Lougee's Motion for Compassionate Release (Doc. 536) for two independent, sufficient reasons: (1) he fails to present an extraordinary and compelling reason for his release; and (2) the § 3553(a) factors do not favor his release.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Lougee's Motion for Compassionate Release (Doc. 536) is denied.

**IT IS SO ORDERED.**

**Dated this 8th day of June, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
